

# THE ATTORNEY GENERAL
## OF TEXAS

JIM MATTOX
ATTORNEY GENERAL

August 23, 1989

Honorable Steve Fischer
District and County Attorney
Willacy County Courthouse
Raymondville, Texas 78580

Mr. Eleazar Garcia, Jr.
Willacy County Auditor
First Floor, Courthouse
Raymondville, Texas 78580

Opinion No. JM-1088

Re: Whether a particular
district judge is a member
of a county juvenile board
(RQ-1756)

Dear Messrs. Fischer and Garcia:

You ask about the composition and compensation for members of the Willacy County Juvenile Board.

Article 5139MMMM, V.T.C.S.,[1] provides in pertinent part:

> Sec. 1. There is established a juvenile board in each of the counties of Brooks, Kenedy, Kleberg, and Willacy.
>
> Composition
>
> Sec. 2. <u>The juvenile board for each county consists of the judges of the county and district courts having jurisdiction in that county. Each juvenile board must contain not less than three or more than five members</u>. If necessary, the judges of the county and district courts having jurisdiction in that county may appoint citizen

---

1. Senate Bill 1104, Acts 1989, 71st Leg., effective September 1, 1989, recodified article 5139MMMM in a non-substantive revision and as of the effective date of the act article 5139MMMM is carried forward as section 152.2511 of the Human Resources Code.

members to serve on the board without salary to satisfy the requirement prescribed by this section. The chairman of each juvenile board determines the number of citizen members to be appointed to that juvenile board.

### Chairman

Sec. 3. The chairman of each juvenile board is the county court judge in that county.

. . . .

Sec. 5. (a) A judge's service on the juvenile board is an additional duty of office.

(b) Each county shall reimburse the members of the board in that county for the members' actual and necessary expenses incurred in the performance of their duties.

(c) The judges on each juvenile board shall receive an annual salary set by the commissioners court of that county in an amount of not more than $6,000, payable in equal monthly installments out of the general fund or any other available fund of that county. The compensation authorized by this subsection is in addition to all other compensation provided or allowed by law for a judge. (Emphasis added.)

Article 5139MMMM was enacted in 1983 to be effective on August 29, 1983. Acts 1983, 68th Leg., ch. 705, at 4389. On the effective date of article 5139MMMM in 1983, the district courts having jurisdiction in Willacy County were the 103rd, 107th, 138th and 197th Judicial District Courts. However, the same legislature in a separate bill adding section 3.152 to article 199a, V.T.C.S., created the 357th Judicial District composed of Cameron and Willacy Counties, effective January 1, 1985. Acts 1983, 68th Leg., ch. 889, § 4, at 4959. Section 3.152 was repealed in 1985 and its provisions codified as section 24.503 of the Government Code. Acts 1985, 69th Leg., ch. 480, § 1, at 1785; see also Gov't Code §§ 24.205, 24.207, 24.240, 24.376

(providing for the inclusion of Willacy County in the 103rd, 107th, 138th, and 197th judicial districts respectively).

But for the act creating the 357th Judicial District, effective January 1, 1985, the judges of the four district courts previously having jurisdiction in the county, along with the county judge, would have comprised the Juvenile Board of Willacy County. With the creation of the 357th Judicial District there are five judges of district courts having jurisdiction in Willacy County. If all judges of the district court having jurisdiction in the county along with the county court judge served, the county juvenile board would be comprised of six members. While article 5139MMMM states that the board for each county consists of the judges of the county and district courts having jurisdiction in the county, the statute also provides that the board "must contain not less than three or more than five members."

Thus, a conflict arose with the addition of the 357th Judicial District to those having jurisdiction in Willacy County. That provision was finally acted on by the legislature on the same day the legislature adopted article 5139MMMM -- May 27, 1983. We think it is apparent that there was a failure in the legislative process to conform the provisions of article 5139MMMM to those of the separate act creating the additional judicial district, the 357th, having jurisdiction in Willacy County. The provision of section 2 of article 5139MMMM that the board "consists of the judges of the county and district courts having jurisdiction in the county" indicates on its face, we think, that all such judges should serve on the board. Article 5139MMMM provides no mechanism for selecting which of "the judges of the county and district courts having jurisdiction in that county" should serve on the board if such number of judges exceeds five. We think that the retention of the provision in article 5139MMMM that the membership of the board might be no more than five was an oversight.

It is a rule of statutory construction that in case of a conflict between a general provision and a specific provision, the latter controls to the extent of such conflict since the specific provision is deemed to more clearly evidence the legislative interest. See generally 67 Tex. Jur.3d Statutes § 126, and authorities cited there. We think that the provision of section 2 of article 5139MMMM that each juvenile board constituted under that article "must contain not less than three or more than five members" is the more general provision, applying as it does to all

four of the county juvenile boards provided for in that article. Therefore, it is controlled in this instance of conflict by the specific provisions, now found in the Government Code, for five judicial districts having jurisdiction in Willacy County and the other provision of section 2 of article 5139MMMM that the "board . . . consists of the judges of the county and district courts having jurisdiction in that county." Thus, it is our opinion that the Willacy County Juvenile Board now consists of six members: the county judge and the district judges for the five judicial districts which include the county, the 103rd, 107th, 138th, 197th and 357th judicial districts. Pursuant to section 5 of article 5139MMMM each of those six judges on the Willacy County Juvenile Board is entitled to the compensation provided for in that section.

## S U M M A R Y

The Juvenile Board of Willacy County consists of six members: the district judges for the 103rd, 107th, 138th, 197th and 357th judicial districts and the county judge. All six members of the board are entitled to the compensation provided for in section 5 of article 5139MMMM.

Very truly yours,

JIM MATTOX
Attorney General of Texas

MARY KELLER
First Assistant Attorney General

LOU MCCREARY
Executive Assistant Attorney General

JUDGE ZOLLIE STEAKLEY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by William Walker
Assistant Attorney General